1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   PETER ROMERO LOMAX,                          Civil No.      09cv0944 WQH (PCL)
     CDCR #F-64314,
12                                                **ORDER  DISMISSING FIRST**
13                                    Plaintiff,   **AMENDED COMPLAINT FOR**
                                                  **FAILURE TO STATE A CLAIM**
14                                                **PURSUANT TO  28 U.S.C.**
                              vs.                 **§§ 1915(e)(2) AND 1915A(b)**
15

16   CANLAS, et al.;

17

18                                    Defendants.

19

20

21   **I.      Procedural History**

22           On May 1, 2009, Peter Romero Lomax, a state prisoner currently incarcerated at the

23   Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding pro

24   se, submitted a civil action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In*

25   *Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

26           The Court granted Plaintiff's Motion to Proceed *IFP* but simultaneously dismissed

27   Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A.

28   *See* July 17, 2009 Order at 6-7.

1  Plaintiff was granted leave to file an Amended Complaint in order to correct the

2  deficiencies of pleading identified in the Court's July 17th Order. *Id.* at 7. Plaintiff then

3  requested additional time to file his amended pleading. On December 7, 2009, Plaintiff filed his

4  First Amended Complaint ("FAC") [Doc. No. 13].

5  **II.      Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

6  As the Court stated in its previous Order, notwithstanding IFP status or the payment of

7  any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C.

8  § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds

9  "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking

10 monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

11 *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.

12 § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.

13 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to

14 sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

15 Before its amendment by the Prison Litigation Reform Act ("PLRA"), former 28 U.S.C.

16 § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203

17 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing

18 an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion

19 to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3).

20 *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114

21 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should

22 occur "before service of process is made on the opposing parties").

23 "[W]hen determining whether a complaint states a claim, a court must accept as true all

24 allegations of material fact and must construe those facts in the light most favorable to the

25 plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194

26 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

27 *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's

28 pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),

which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, the Court finds  that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**A.     Deliberate Indifference to Serious Medical Need**

Plaintiff alleges that he was first examined in July of 2007 for a "growth of some kind that was on his buttocks." (FAC at 9.)  Plaintiff claims that a request for an ultrasound of the growth by an unnamed doctor was denied by the Medical Authorization Review ("MAR") Committee and Nurse Tyler.  (*Id.*)  Two months later, Defendant Lehv submitted another request for an ultrasound of the ground.  (*Id.* at 10.)  A few days later an ultrasound was performed which confirmed that the growth was a lipoma.[1] (*Id.*)

Defendant Canlas then submitted a request for surgery to remove the lipoma on October 1, 2007.  (*Id.*)  On December 28, 2007, Defendant Farinas examined Plaintiff and found that the lipoma had grown from approximately three centimeters in diameter to six centimeters in diameter.  (*Id.*)  Plaintiff told Defendant Whitehead that he was "getting scared" because the lipoma was growing but he claims that Defendant Whitehead told him that it would take thirty to sixty days to schedule the surgery.  (*Id.* at 11.)  Plaintiff then claims that he told Defendants Lehv, Farinas and Whitehead that he was experiencing a lot of pain and had trouble walking due to the lipoma.  (*Id.*)   Plaintiff received the surgery on June 11, 2008.  (*Id.* at 14.)

---

[1]  A lipoma is a benign tumor composed chiefly of fat cells.  Stedman's Medical Dictionary (6th Ed. 1995).

In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991). In other words, Plaintiff must plead facts that show that Defendants knew of his "serious" need for medical attention and that each one nevertheless disregarded his need despite the excessive risk posed to his health. *See Farmer*, 511 U.S. at 837.

The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Here, it is not entirely clear that Plaintiff's medical condition could be categorized as serious. Even if Plaintiff has alleged facts sufficient to show that he had a serious medical need, he does not allege that he told all of the named Defendants that he was experiencing any kind of pain. Instead, he alleges that he told a majority of these Defendants that he was scared about the growth of the lipoma but he does not allege facts to show that many of the Defendants had any knowledge about the pain he claims to have suffered.

In addition, while the lipoma is alleged to have grown in size, Plaintiff does not allege how the delay caused him actual harm. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.").

/ / /

Plaintiff also seeks to hold Defendant Whitehead liable for because she failed to remove all the staples that were used during Plaintiff's surgery for removal of the lipoma.  (FAC at 15-16.)  The staple was later removed by Defendants Canlas and Jayasundata.  (*Id.*)  While Plaintiff may have a claim with regard to his allegations that Defendants refused to give him pain medication following the procedure to remove the staple, all the remaining allegations sound in negligence.  As stated above, inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation.  *Estelle*, 429 U.S. at 106.

**B.    Respondeat Superior**

Moreover, to the extent Plaintiff seeks to sue Defendants based merely on their supervisory positions, such allegations are insufficient to state a claim against these Defendants because there is no respondeat superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue.  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  As currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against any of the supervisory Defendants.

/ / /

/ / /

### C.      Failure to Exhaust Administrative Remedies

To the extent that Plaintiff chooses to file an Amended Complaint, the Court cautions Plaintiff that his entire action may be subject to dismissal on the grounds that he failed to exhaust his administrative remedies prior to bringing this action as evidenced by the exhibits attached to his First Amended Complaint.

The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516 (2002).  "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," *Booth v. Churner*, 532 U.S. 731, 738 (2001), and "regardless of the relief offered through administrative procedures." *Id.* at 741.  Moreover, the Supreme Court held in *Woodford v. Ngo*, 541 U.S. 81, 83-84 (2006) that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Id.* The Court further held that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bring suit in federal court." *Id.*

The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).  The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002)  holds that prisoners who are incarcerated at the time they file a civil action which challenges the conditions of their confinement are required to exhaust "all administrative remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198; *see also Perez v. Wis. Dep't of Corrections*, 182 F.3d 532, 534-35 (7th Cir. 1999) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to *suit*.") (emphasis original).  Section 1997e(a)

1    "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable

2    requirement.  Exhaustion subsequent to the filing of the suit will not suffice." *McKinney*, 311

3    F.3d at 1198 (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

4            Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a

5    section 1983 claim upon which relief may be granted, and is therefore subject to dismissal

6    pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  The Court will provide Plaintiff with an

7    opportunity to amend his pleading to cure the defects set forth above.  Plaintiff is warned that

8    if his amended complaint fails to address the deficiencies of pleading noted above, it may be

9    dismissed with prejudice and without leave to amend.

10   **III.   Conclusion and Order**

11          Good cause appearing, **IT IS HEREBY ORDERED** that:

12          Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28

13   U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days

14   leave from the date this Order is "Filed" in which to file a Second Amended Complaint which

15   cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be

16   complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.

17   Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed

18   to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if

19   Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may

20   be dismissed without further leave to amend and may hereafter be counted as a "strike" under

21   28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

22          **IT IS SO ORDERED.**
     DATED:  December 23, 2009

23

24                                                  *William Q. Hayes*
                                            **WILLIAM Q. HAYES**
25                                            United States District Judge

26

27

28