FILED
2010 MAY 18 PM 1:44
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ROMERO LOMAX, CDCR #F-64314,<br><br>         Plaintiff,<br><br>   vs.<br><br>CANLAS, et al.;<br><br>         Defendants. | Civil No.   09cv0944 WQH (PCL)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PURSUANT TO 42 U.S.C. § 1997e** |

## I.   Procedural History

On May 1, 2009, Peter Romero Lomax, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding pro se, submitted a civil action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

The Court granted Plaintiff's Motion to Proceed *IFP* but simultaneously dismissed Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. *See* July 17, 2009 Order at 6-7.

Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's July 17th Order. *Id.* at 7. Plaintiff then requested additional time to file his amended pleading. On December 7, 2009, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 13]. The Court, once again, sua sponte dismissed Plaintiff's First Amended Complaint for failing to state a claim and granted Plaintiff leave to file a Second Amended Complaint. *See* Dec. 23, 2009 Order at 7.

Plaintiff then filed two more extensions of time to file his Second Amended Complaint. Plaintiff filed his Second Amended Complaint ("SAC") on May 5, 2010. In addition, Plaintiff filed a Declaration, along with Exhibits, that he requested be considered along with his Second Amended Complaint [Doc. No. 21].

**II.  Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

As the Court stated in its previous Order, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the Prison Litigation Reform Act ("PLRA"), former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 to make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(3). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A. Exhaustion of Available Administrative Remedies

While Plaintiff may have alleged facts sufficient to state an Eighth Amendment claim, the Court must dismiss this action, without prejudice, as it is clear that Plaintiff failed to exhaust his administrative remedies prior to bringing this action.

The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516 (2002). "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," *Booth v. Churner*, 532 U.S. 731, 738 (2001), and "regardless of the relief offered through administrative procedures." *Id.* at 741. Moreover, the Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Id.* at 90. The Court further held that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bring suit in federal court." *Id.*

The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be *brought* . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) holds that prisoners who are incarcerated at the time they file a civil action which challenges the conditions of their confinement are required to exhaust "all administrative remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198. Section 1997e(a) "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of the suit will not suffice." *McKinney*, 311 F.3d at 1198 (quotation omitted).

Here, Plaintiff has submitted the Director's Level Decision relating to his administrative grievances dated March 30, 2010. *See* Doc. No. 21, Declaration of Peter Lomax, p. 3-6. Plaintiff initially filed this action on May 1, 2009, well before he had exhausted his administrative remedies on March 30, 2010. As stated above, Plaintiff must complete the exhaustion of his administrative remedies *before* he brings this action. *McKinney*, 311 F.3d at 1198. Accordingly, the Court must dismiss this action, without prejudice, for failing to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice pursuant to 42 U.S.C. § 1997e for failing to exhaust his administrative remedies. *See Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003).

The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: 5/17/10

**HON. WILLIAM Q. HAYES**
United States District Judge